Case 4:17-cv-00911 Document 14 Filed in TXSD on 10/30/17 Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
October 30, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEIF SKOOGFORS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-911 |
| | § | |
| CONNIE BARNABA & ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

### ORDER

On March 23, 2017, Plaintiff filed this action alleging that Defendant Connie Barnaba & Associates, Inc. ("Defendant") violated the Copyright Act[1] through its use on its website of a copyrighted image owned by Plaintiff.[2] Constance Barnaba, president of Defendant, filed an answer, without any indication that she is a licensed attorney.[3]

Corporations in federal court must be represented by a licensed attorney. Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004)(citing Rowland v. California Men's Colony, 506 U.S. 194, 202 (1993)("the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel"); Southwest Express Co. v. ICC, 670 F.2d 53, 55 (5th Cir. 1982)). 28 U.S.C. § 1654 allows individuals to appear pro se in

---

[1] 17 U.S.C. §§ 101-1332.

[2] See Doc. 1, Pl.'s Compl.

[3] See Doc. 7, Def.'s Ans.

federal court, but because the statute does not address corporations, courts have found that it does not allow corporations to appear pro se.  Id. (citing Rowland, 506 U.S. at 202).

It is therefore **ORDERED** that the answer is **STRICKEN**.[4]  It is further **ORDERED** that Defendant has thirty days from the entry of this order to obtain counsel and file a new answer.  Failure to do so may result in the entry of default against Defendant.

**SIGNED** in Houston, Texas, this 30th day of October, 2017.

_____
U.S. MAGISTRATE JUDGE

---

[4] On August 11, 2017, Plaintiff filed a motion to strike, asking the court to strike Defendant's affirmative defenses asserted in the answer.  As the court is striking Defendant's answer, Plaintiff's motion to strike is **MOOT**.